## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOAQUIN ALVAREZ, TDCJ – CID NO. 1542223, Plaintiff | ) ) ) ) ) | |
| v. | ) ) | Civil Case No. 5:15-cv-844 (RCL) |
| SARINA MENDOZA, et al, Defendants | ) ) ) | |

### MEMORAUMDUM OPINION

### I.  INTRODUCTION

Before the Court is the Motion for Summary Judgment [ECF No. 21], filed by defendants Mendoza, Dunbar, and Edobar on February 4, 2016, and plaintiff Joaquin Alvarez's Response [ECF No. 29], filed April 4, 2016. Defendants did not file a Reply. Having considered the motion, response, the filed exhibits, and the applicable law, this Court denies the Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56(c).

### II.  BACKGROUND

This case concerns the treatment of Joaquin Alvarez, an inmate confined in the Texas Department of Criminal Justice (TDCJ) Hughes Unit in Gatesville, Texas. Specifically, Mr. Alvarez alleges that while he was confined in another unit —Connaly Unit in Kenedy, Texas— TDCJ officers Sarina Mendoza, Jared Dunbar, and Elvis Edobar (collectively "defendants") "failed to protect [him] from physical violence and serious bodily injury" and "failed to summon medical care for [his] serious bodily injury." Pl.'s Am. Compl. 2 [ECF No. 19].

According to the Amended Complaint, Sergeant Mendoza was summoned to a cell shared by Mr. Alvarez and another inmate on September 23, 2013. *Id.* at 3. They had been confined to the

1

cell for three days, and by the third day Mr. Alvarez's cellmate "was agitated becoming aggressive and threatened to run [his] head into the wall." *Id.* At approximately 8:00 p.m. on September 23rd, Mr. Alvarez claims to have informed Sergeant Mendoza of two threats made against him. Mendoza allegedly replied "Oh no! No one is getting moved! You are going to have to fight, be gassed and then you will be thrown in solitary!" *Id.* Mendoza left, and Mr. Alvarez was not moved. *Id.*

At approximately 8:30 a.m. on September 24, 2013, Mr. Alvarez claims to have informed Officer Dunbar about this "dangerous situation." *Id.* at 3-4. Mr. Dunbar allegedly promised to tell the supervising sergeant. *Id.* Approximately fifteen minutes later, Mr. Alvarez was attacked by his cellmate "banging [Mr. Alvarez's] head against a solid concrete wall a foot thick and [he] was knocked unconscious." *Id.* Mr. Alvarez apparently awoke "barely able to move with pains in [his] face, head, chest, and incoherent, unable to speak for about four or five days." *Id.* He describes his face as "all smashed up." *Id.* at 4.

Officer Edobar was the next officer to interact with Mr. Alvarez. *Id.* at 4. While Officer Edobar was doing a roster-count, he asked Mr. Alvarez to bring his ID card to the door. Mr. Alvarez replied that he could not move and required medical attention. *Id.* Officer Edobar allegedly replied that he had to finish his count and left. He apparently never summoned medical personnel or a supervising officer. *Id.* Mr. Alvarez claims that "[n]o one ever came and [he] laid in pain for about ten more days." *Id.*

According to exhibits filed with his original complaint, Mr. Alvarez received some form of medical care on September 27, 2013 and October 9, 2013. Pl.'s Orig. Compl. pp. 8-9, 10 [ECF No. 2]. The clinic notes from September 27th describe bruises under his eyes and behind his ear. *Id.* However, Mr. Alvarez apparently was able to move his extremities. He stated that the injuries occurred on September 23, 2013 at 9:00 a.m. *Id.* at 9. The clinic notes from October 9th describe

the bruises as "almost resolved," but state that Mr. Alvarez suffered from headaches and chest pain, as well as short term memory loss. *Id.* at 10.

Soon after, Mr. Alvarez filed a grievance against defendants pursuant to TDCJ procedures. Pl.'s Am. Compl. 6-7. On December 5, 2013, a grievance officer responded that Officer Dunbar and Sergeant Mendoza disputed Mr. Alvarez's version of events:

> Officer Dunbar contends you wanted to move to prevent your cellie from reading your mail. Sgt. Mendoza contends at no time did you say there was anything wrong, she also claims she never told you to fight and get gassed to get moved. . . . No further action warranted.

*Id.* TDCJ found no evidence of staff misconduct or policy violations.

On September 25, 2015, Mr. Alvarez filed this action pursuant to 42 U.S.C. § 1983. By declaration under penalty of perjury, Mr. Alvarez alleged that Mendoza, Dunbar, and Edobar failed to protect him from the physical attacks and failed to summon medical attention. *Id.* at 3. Defendants moved for Summary Judgment pursuant to Federal Rule of Civil Procedure 56, arguing that there is no genuine issue of material fact as to the defense of qualified immunity. Thus, defendants argue, they are entitled to judgment as a matter of law.

## III.   LEGAL STANDARDS

Under Rule 56, a party may move for summary judgment by identifying a claim or defense on which summary judgment is sought. Fed. R. Civ. P. 56(a). Summary judgment should be granted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.*; *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). A fact is material if it could affect the outcome of the case. *Id.* A dispute is genuine if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The "evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But the "mere existence of a scintilla of evidence in support of

the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Id.* at 251. In other words, to survive summary judgment, the nonmoving party must present specific facts that would allow a reasonable factfinder to find in his favor. *Id.* A pro se plaintiff's verified pleadings are competent evidence when they raise specific, factual allegations. *Compare Falcon v. Holly*, 480 Fed. Appx. 325, 326 (5th Cir. 2012) (finding that a prisoner's verified complaint survived summary judgment where it made specific allegations of excessive force that disputed TDCJ's evidence), *and Hart v. Hairston*, 343 F.3d 762, 765 (5th Cir. 2003) (finding that verified allegations in a prisoner's complaint was competent evidence to counter a disciplinary report and survive summary judgment), *with Hall v. Thomas*, 190 F.3d 693, 696 (5th Cir. 1999) ("[A prisoner's] subjective complaints, unsupported by evidence, are insufficient to defeat . . . summary judgment").

Government officials performing discretionary functions are protected from civil liability under the doctrine of qualified immunity so long as their conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982). The Supreme Court and Fifth Circuit have articulated a two prong analysis for qualified immunity claims: 1) the Court must determine whether the facts alleged—taken in the light most favorable to the plaintiff—show a violation of a constitutional or statutory right, and 2) the Court must determine whether the officer's alleged conduct was objectively reasonable in light of clearly established law. *See Pearson v. Callahan*, 555 U.S. 223, 232 (2009) (citing *Saucier v. Katz,* 533 U.S. 194, 206 (2001)); *Bias v. Wood,* 288 Fed. Appx. 158, 162 (5th Cir. 2008) (same). A right is clearly established if it would be clear to a reasonable official that his conduct was unlawful in the particular situation he confronted. *Saucier,* 533 U.S. at 201. This objective reasonableness/clearly established analysis "operates to ensure that

before they are subjected to suit, officers are on notice their conduct is unlawful." *Hope v. Pelzer,* 536 U.S. 730, 739 (2002) (cited in *Pearson,* 555 U.S. at 244). The first step of qualified immunity analysis is based on all the evidence before the Court, and not just the pleadings. *See Mace v. City of Palestine,* 333 F.3d 621, 624 n. 7 (5th Cir. 2003) ("In ruling on a summary judgment motion of any kind, courts must consider "the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any."); *see also* Fed. R. Civ. P. 56(c). In a qualified immunity determination, the facts are construed in the light most favorable to the party asserting the injury. *Austin v. Johnson,* 328 F.3d 204, 207 (5th Cir. 2003) (citing *Saucier,* 533 U.S. 201).

A prison official violates the Eighth Amendment's prohibition against cruel and unusual punishment when his conduct demonstrates deliberate indifference to a prisoner's serious medical needs, constituting an "unnecessary and wanton infliction of pain." *Easter v. Powell,* 467 F.3d 459, 463 (5th Cir. 2006) (citing *Wilson v. Seiter,* 501 U.S. 294, 297 (1991)). This includes failing to protect prisoners from violence at the hands of other prisoners and failing to provide adequate medical care. *Farmer v. Brennan,* 511 U.S. 825, 832-33 (1994). The deliberate indifference standard requires a showing that the official was subjectively aware of a substantial risk of serious harm to the inmate and disregards that risk by failing to take reasonable measures to abate it. *Farmer,* 511 U.S. at 847; *see also Easter,* 467 F.3d at 463. The official must be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must actually draw the inference. *Id.* However, knowledge of obvious risks may be inferred. *Id.*

## IV.   ANALYSIS

According to defendants, there is no genuine issue of material fact and they are entitled to judgment as a matter of law because the defendants are protected by both qualified immunity in

their individual capacities, and Eleventh Amendment immunity in their official capacities. Specifically, they argue that Mr. Alvarez has not presented evidence to establish deliberate indifference, and thus defendants are protected by qualified immunity and entitled to judgment as a matter of law. This Court disagrees. Summary judgment is premature because the parties here genuinely dispute the material facts as to deliberate indifference.

### A. Qualified Immunity

To overcome qualified immunity, 1) a plaintiff must allege a violation, and 2) the officer's conduct must violate clearly established law such that their conduct was objectively unreasonable. *Saucier*, 533 U.S. at 206.

#### a. Mr. Alvarez has alleged a violation of the Eighth Amendment's prohibition against cruel and unusual punishment.

Construing the facts in the light most favorable to Mr. Alvarez, he has clearly asserted claims against defendants for violations of the Eighth Amendment. As noted above, a prison official violates the Eighth Amendment when he is deliberately indifferent to a prisoner's serious medical needs or the risk of violence at the hands of other prisoners. *Farmer*, 511 U.S. at 823. Mr. Alvarez's allegations are that he told defendants about threats made against him, that Mendoza told him he and his cellmate would have to fight and refused to move him, that both Mendoza and Dunbar failed to alert supervisors to the threats, and that Edobar failed to summon medical attention when those threats came to fruition. Defs.' Mot. at 2. Construed in the light most favorable to Mr. Alvarez, those allegations state violations of the Eighth Amendment. Further, defendants do not seem to dispute that Mr. Alvarez's complaint alleges a violation of the Eight Amendment; in fact, they spend most of their motion discussing deliberate indifference. What they do dispute is whether their conduct actually violated the Eighth Amendment, and whether their conduct was objectively

reasonable. Defs.' Mot. at 9. Thus, the Court finds that Mr. Alvarez has alleged a violation under the Eighth Amendment, and has satisfied the first prong of the *Saucier* analysis.

### b.  There is a genuine dispute as to whether defendants' conduct was reasonable in light of clearly established law—the deliberate indifference standard.

Similarly, the defendants' conduct alleged by Mr. Alvarez meets the deliberate indifference standard. While defendants dispute the series of events as alleged, this Court may not weigh the credibility of the evidence or make determinations as to the plausibility of the factual allegations. Rather, considering the evidence in the light most favorable to Mr. Alvarez, this Court must simply determine whether defendants are entitled to qualified immunity as a matter of law.  As noted above, the applicable standard here is deliberate indifference.

### i.  The parties dispute whether defendants were deliberately indifferent

Defendants argue that they were not deliberately indifferent, that defendants did not know about threats of violence, and that Mr. Alvarez did not ask for medical care. However, Mr. Alvarez has declared under penalty of perjury that the series of facts presented in his complaint were true and correct. Pl.'s Am. Compl. 5. In his response, Mr. Alvarez repeated those factual allegations under penalty of perjury. Pl.'s Resp., Decl. of Joaquin Alvarez. Taken in the light most favorable to Mr. Alvarez, there is a genuine dispute of material fact over whether defendants were subjectively aware of and disregarded a risk to Mr. Alvarerz. Defendants have offered evidence that disputes Mr. Alvarez's claims. But this does not establish the *lack* of a genuine dispute. Rather, it proves that there *is* a genuine dispute of material facts here.

For example, defendants argue the Sergeant Mendoza did not fail to protect Mr. Alvarez. Mr. Alvarez alleged that 1) he told Mendoza around 8:00 p.m. that evening that there had been at least two threats made against him, and 2) Mendoza refused to move him unless they fought and got

"gassed." Pl.'s Am. Compl. 3. Defendants claim that plaintiff never told her that he had fought with his cellmate, that threats were made, or that he felt his life was in danger. Defs.' Mot. at 7. As evidence, defendants offered an investigator's statement that Sergeant Mendoza was interviewed by phone told the interviewer that she had spoken with Mr. Alvarez on 9/23, but that he never said anything was wrong and she never told him to fight. *Id.*, Ex. C-11, 12. Further, defendants argue Mendoza did not fail to protect Mr. Alvarez because "a review of security camera footage during the OPI/OGI investigation showed that Plaintiff and his cellmate fought for approximately twenty minutes on September 23, 2013, at approximately 1220 hours, which is 12:20 P.M." Defs.' Mot. at 6. However, this Court has not seen such footage. Defendants submitted an investigation summary in which the investigator states that both offenders are seen fighting "for approximately 20 minutes" around noon on September 23rd. Defs.' Mot., Ex. B-5. But this does not disprove the factual allegations made by Mr. Alvarez. According to the sworn complaint from Mr. Alvarez, he told Sergeant Mendoza of the threats and she told him he would have to fight his cellmate. Thus, taken in the light most favorable to Mr. Alvarez, there is evidence that Sergeant Mendoza *did* know of and disregarded an excessive risk, or at least was aware of facts from which the inference of such risk could be drawn. Although she was allegedly aware of such risk, Sergeant Mendoza told Mr. Alvarez to fight his cellmate, and refused to move him.

Similarly, defendants argue that Officer Dunbar did not know of a risk to Mr. Alvarez's health and safety because Mr. Alvarez did not tell him about the physical altercations or threats of violence. Defendants also argue the Officer Edobar did not know of and disregard a risk to Mr. Alvarez's health and safety because "[a]t no time during roster count did Plaintiff ask Defendant Edobar for medical care." Defs.' Mot. at 8. Again, defendants have submitted statements from the defendants disputing Mr. Alvarez's version of events. They also point to disparities in Mr.

Alvarez's factual claims, such as his claim that he was unable to speak for days and that he laid in pain for ten days when his own pleadings state that he asked Officer Edobar for medical assistance and received at least some medical treatment. Defs.' Mot. at 8. But this does not disprove his allegations made by Mr. Alvarez. Rather, it disputes them. So long as these disputes are genuine and material, the Court must deny summary judgment here.

These disputed facts are clearly material—whether defendants actually knew and disregarded a substantial risk to Mr. Alvarez cuts directly to whether defendants are protected by qualified immunity here. This would clearly affect the outcome of the case. Further, the Court finds that these disputes are material—a reasonable jury could decide to favor Mr. Alvarez's statements over TDCJ officers. Thus, there is a genuine dispute of material fact as to the defendants' deliberate indifference.

### ii. The parties dispute whether the conduct was reasonable.

As noted, Mr. Alvarez alleges that defendants were aware of a substantial risk of bodily harm, and disregarded that risk by failing to take reasonable measures to abate it. If true, defendants conduct would be a violation of the Eighth Amendment. Defendants argue that even if their conduct was violative, they are still entitled to qualified immunity because their conduct was objectively reasonable in light of clearly established law.

Taking his allegations as true, defendants knew 1) that Mr. Alvarez had been threatened by other inmates, 2) that Mr. Alvarez had been beaten by an inmate and left unconscious, and 3) did not act to move him to another cell or summon medical personnel. If true, defendants were subjectively aware of a substantial risk of serious harm, and, although they were aware of that substantial risk, defendants did not move him or summon medical personnel.

Defendants conclude that this conduct is nevertheless objectively reasonable, and they are therefore entitled to qualified immunity as a matter of law. Defs.' Mot. at 9. But the deliberate indifference standard is clearly established law, and conduct that violates that standard is objectively unreasonable. *Farmer*, 511 U.S. at 834. Defendants correctly point out that "prison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably." *Id.* at 844. However, the evidence is not sufficiently developed for this Court to determine that, as a matter of law, the defendants' conduct was reasonable. The parties here dispute the underlying facts of whether the TDCJ officials even knew of a substantial risk, whether Mr. Alvarez told defendants about being threatened, or whether he requested medical attention. Whether or not the parties responded reasonably or were deliberately indifferent is disputed. Again, as long as these disputes are genuine and material, the Court must deny summary judgment. For the reasons described above, this Court finds that there is a genuine dispute of material fact as to the defendants' conduct was objectively reasonable.

**B. Eleventh Amendment Immunity**

Plaintiff's complaint explicitly asserts claims against defendants in their individual capacity, and not their official capacity. *See* Pl.'s Am. Compl. 2. Mr. Alvarez did not assert claims against the State of Texas or one of its agencies, has not sued the defendants in their official capacities, and specifically alleged that their actions were outside the scope of their official duties. *Id.*; *see also* Pl.'s Resp. 1. Because Eleventh Amendment immunity is not at issue here, the Court refuses to issue summary judgment as to claims against the defendants in their official capacities—there are no such claims.

## V.     CONCLUSION

In sum, this Court finds that there are genuine disputes of material fact sufficient to deny summary judgment at this time. Whether or not Mr. Alvarez is likely to convince a factfinder of these allegations is not the question put to this Court. The only question here is whether a genuine issue of material fact exists such that a reasonable factfinder *could* find in his favor. At present, the evidence presented to this Court consists of statements by TDCJ and Mr. Alvarez. Those statements offer conflicting versions of events. But considering the evidence in the light most favorable to Mr. Alvarez, it is not possible to conclude as a matter of law that defendants were or were not deliberately indifferent, or whether they acted in an objectively reasonable manner. Those facts are disputed. Thus, at this stage, defendants are not entitled to qualified immunity as a matter of law.

A separate order denying defendants' motion was issued October 12, 2016.

Royce C. Lamberth
United States District Judge

DATE: 10/17/16